LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-08142 -BRO (RAOx)** | Date | November 10, 2015 |
|---|---|---|---|
| Title | **CODY SPIEGEL, ET AL. V. FANDUEL, INC., ET AL.** | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS)

# ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION

On October 20, 2015, Plaintiffs Cody Spiegel and Curry Conway ("Plaintiffs"), on behalf of themselves and others similarly situated, filed a class action lawsuit against Defendants FanDuel, Inc. and Draft Kings, Inc. ("Defendant").  (Dkt. No. 1.)  Plaintiffs seek to represent two classes: (1) "[a]ll individuals or entities who played [daily fantasy sports] on Defendants' websites during the class period"; and, (2) "[a]ll persons in the United States who deposited money into a DraftKings or FanDuel account before October 6, 2015[,] and competed in any contest where other entries were made by employees from DraftKings, FanDuel[,] or any other [daily fantasy sports] site."  (Compl. ¶¶ 62, 72.)  The Complaint alleges only state law claims, which are as follows: (1) negligence; (2) false advertising, under California Business and Professions Code section 17500 *et seq.*; and, (3) violation of the unfair competition law, pursuant to California Business and Professions Code section 17200 *et seq.*  (Compl. ¶¶ 77–96.)

A federal court must determine its own jurisdiction, even where there is no objection.  *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 342 (9th Cir. 1996).  Because federal courts are of limited jurisdiction, they possess original jurisdiction only as authorized by the Constitution and federal statute.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  In their Complaint, Plaintiffs state that the Court has subject matter jurisdiction in this case because "a substantial number of the events

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-08142 -BRO (RAOx) | Date | November 10, 2015 |
|---|---|---|---|
| Title | CODY SPIEGEL, ET AL. V. FANDUEL, INC., ET AL. | | |

giving rise to the complaint occurred in California." (Compl. ¶ 18.) Plaintiff appears to confuse the standards governing subject matter jurisdiction and venue.[1]

Original jurisdiction may be established under 28 U.S.C. § 1331 so long as the "civil action[] aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, given that all of Plaintiffs' causes of action arise under state law, it cannot invoke § 1331 to establish subject matter jurisdiction. In class action cases where the claims arise under state law, the Class Action Fairness Act ("CAFA") applies. *See* 28 U.S.C. § 1332(d). Under CAFA, a federal district court has jurisdiction over a civil class action in which the class is made up of more than 100 members, has minimum diversity and in which the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(2).

While Plaintiffs do not directly invoke CAFA as the jurisdictional basis for their class action, it appears they must meet CAFA's requirements to invoke this Court's jurisdiction. As pleaded, however, it is unclear whether Plaintiffs meet CAFA's requirements. Namely, Plaintiffs fail to specify whether the class includes more than 100 members and whether the amount in controversy exceeds $5,000,000.[2]

Accordingly, the Court **ORDERS** Plaintiffs to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. Plaintiffs shall respond by Monday, November 16, 2015, at 4:00 p.m.

**IT IS SO ORDERED.**

: 

Initials of Preparer     Rf

---

[1] Under 28 U.S.C. § 1391(b)(2), venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2).

[2] The Court notes that Plaintiffs satisfy the minimum diversity requirement because Plaintiffs are citizens of California, a state of which neither Defendant is a citizen. (Compl. ¶¶ 14–17.)